IN the MATTER OF the BAR ADMISSION OF:

Timothy C. HECKMANN.

Supreme Court

*No. 96–1942–BA.  Submitted on briefs December 5, 1996.—Decided December 27, 1996.*

(Also reported in 556 N.W.2d 746.)

For the petitioner the cause was submitted on the briefs of *Timothy C. Heckmann*, St. Paul, MN.

For the Board of Bar Examiners the cause was submitted on the brief of *Steven E. Tinker*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

PER CURIAM. We review the decision of the Board of Bar Examiners (Board) declining to certify Timothy C. Heckmann's satisfaction of the character and fitness requirement for admission to the practice of law in Wisconsin.[1] While asserting that the Board erred in finding that his conduct in the bar admission application process and in his application to law school and for bar admission in another jurisdiction was intentional, Mr. Heckmann conceded that the Board's decision is proper. However, in his petition for review of that decision he asked that the court determine whether and under what conditions he again may apply for bar admission in this state.

---

[1] SCR 40.06 provides, in pertinent part:

**Requirement as to character and fitness to practice law.**
(1) An applicant for bar admission shall establish good moral character and fitness to practice law. The purpose of this requirement is to limit admission to those applicants found to have the qualities of character and fitness needed to assure to a reasonable degree of certainty the integrity and the competence of services performed for clients and the maintenance of high standards in the administration of justice.

(3) An applicant shall establish to the satisfaction of the board that the applicant satisfies the requirement set forth in sub. (1). The board shall certify to the supreme court the character and fitness of qualifying applicants. The board shall decline to certify the character and fitness of an applicant who knowingly makes a materially false statement of material fact or who fails to disclose a fact necessary to correct a misapprehension known by the applicant to have arisen in connection with his or her application.

The seriousness of Mr. Heckmann's conduct on which the Board's decision was based, as it reflects on his possession of the character traits to be expected of persons admitted to the practice of law, warrant denying his admission at this time, but we permit him to reapply after two years, during which he may demonstrate that he has the necessary character and fitness for admission.

Mr. Heckmann graduated from Hamline University School of Law in 1995 and was admitted to the Minnesota bar later that year. He applied for bar admission in Wisconsin and successfully wrote the bar examination in February, 1996.

During the application process, the Board discovered that Mr. Heckmann had failed to set forth on his application several arrests and convictions when responding to a question asking for that information. Further investigation disclosed that he had made similar omissions on his two applications for law school admission and on his application for bar admission in Minnesota. When informed by the Board of the omissions on his Wisconsin application, Mr. Heckmann provided information on some but not all of those arrests, convictions and a driver's license suspension and incorrectly described the cause of the suspension.

Between August, 1986 and May, 1989, Mr. Heckmann was arrested and convicted three times for underage drinking. In March, 1990, he was convicted of disturbing the peace and for speeding in December of 1992, following which his driver's license was suspended. His license remained suspended when in December, 1993 he was convicted of driving without a valid license.

When he applied for admission to law school in January, 1990, Mr. Heckmann disclosed two of the

three underage drinking convictions but did not disclose the third or his arrest for disturbing the peace. Mr. Heckmann elected not to enter law school at that time but reapplied in October, 1991. On his reapplication he disclosed all three underage drinking convictions but again did not disclose the arrest and conviction for disturbing the peace. He also failed to disclose a pending OMVWI charge when asked whether there were any criminal charges pending or expected to be brought against him.

When the Board discovered Mr. Heckmann's omissions on his law school application and brought that information to its attention, the law school commenced an investigation. The matter ultimately was settled in July, 1996. The law school agreed to recommend to the Minnesota lawyer discipline authorities and to the Wisconsin bar admission and discipline authorities that Mr. Heckmann be placed under probationary supervision or be subject to license suspension but not be barred permanently from seeking bar admission here.

On his application for Wisconsin admission in November, 1995, Mr. Heckmann did not disclose his three underage drinking convictions and his disturbing the peace conviction. He also failed to disclose his 1992 speeding conviction, the resulting suspension of his driver's license, and his 1993 conviction of driving without a valid license. When the Board called those omissions to his attention, Mr. Heckmann amended his application by affidavit setting forth the convictions previously omitted. Subsequently, in March, 1996, in response to the Board's request for a copy of his driving record, he submitted an affidavit further amending his admission application, asserting that the license suspension not previously disclosed was the result of

"clerical error," when in fact it was for his failure to pay the fine imposed on his speeding conviction.

Although not part of the Board's findings, Mr. Heckmann's conduct in respect to his Minnesota bar admission is included in the record of this proceeding. When applying for bar admission in Minnesota in 1995, Mr. Heckmann acknowledged all of his convictions and the driver's license suspension but misrepresented that the suspension was the result of an "administrative error" that led to his personal check for the speeding fine not being received until May, 1993. He asserted, "Speeding ticket was promptly paid when error was discovered and license reinstated." In fact, however, there was no "administrative error"; Mr. Heckmann was arrested in Wisconsin in May, 1993 for driving without a valid operator's license, as the prior suspension had continued because of his failure to pay the speeding fine. When the prosecutor refused to drop the charge, Mr. Heckmann was convicted and paid the fine in December, 1993. He did not include the operating without a license arrest on his Minnesota application.

When informed by the Board of Mr. Heckmann's conduct in the law school and Wisconsin bar admission applications, the Minnesota lawyer disciplinary authorities filed a petition alleging his professional misconduct in those matters and seeking appropriate discipline. While the instant review proceeding has been pending, Mr. Heckmann stipulated in October, 1996 to an indefinite suspension of his license to practice law in Minnesota and the prohibition of his application for reinstatement until the earlier of his admission to the Wisconsin bar or five years from the date of the order of the Minnesota Supreme Court suspending his license there.

In this review, Mr. Heckmann conceded that he failed to establish to the satisfaction of the Board that he possesses the requisite character and fitness to be admitted to the practice of law in Wisconsin at this time, but he contested the Board's finding that his false statements of material fact by omission on his Wisconsin bar admission application and on his law school applications had been made knowingly. He insisted that the evidence supports a finding only that he was negligent and careless, that his omissions were isolated and the result of haste in completing the applications. That conduct, he asserted, does not reflect adversely on his ethical and legal abilities.

Contrary to those contentions, there is ample evidence in the record to support the Board's finding that Mr. Heckmann's repeated failures to disclose arrests, convictions and a driver's license suspension were intentional. Although he included a copy of his record of convictions with his Minnesota bar admission application in 1995, on which he had disclosed all of his convictions and the license suspension, Mr. Heckmann did not provide that record with his Wisconsin application. The Board obtained it, however, in the course of its request for unrelated additional information. Moreover, even when ultimately disclosing that his driver's license had been suspended, Mr. Heckmann mischaracterized it as a "clerical error," when in fact it resulted from his not having paid the fine imposed for a speeding conviction.

In addition, while denying that his failure to disclose his OMVWI offense of his law school application was intentional, Mr. Heckmann acknowledged in the stipulation by which the matter with the law school was settled that he had falsified by omission his two law school applications as set forth in the law school's

complaint. Each of the two counts in that complaint had alleged that he "knowingly" falsified by omission his response to questions on the law school application.

The Board's finding that Mr. Heckmann knowingly made materially false statements of fact on his Wisconsin bar admission application is not clearly erroneous, and we adopt it. The facts establishing Mr. Heckmann's pattern of inaccurate responses to the Board and to the law school, as well as to the Minnesota bar admission authorities, support the Board's conclusion that Mr. Heckmann has demonstrated that he lacks the integrity and candor required of persons admitted to practice law in this state. Accordingly, we affirm the Board's decision declining to certify Mr. Heckmann's satisfaction of the character and fitness requirement for bar admission.

In determining whether or when to permit Mr. Heckmann to reapply for bar admission, we consider the seriousness of the conduct that led to the denial of his application. The degree of seriousness is reflected in the discipline imposed on him by the Minnesota Supreme Court, which suspended his license to practice law there for an indefinite period, denying him the opportunity to apply for reinstatement of that license for a period of five years or until admitted to practice in Wisconsin, if sooner. Also, before the matter with the law school was settled by agreement, the faculty member who had investigated the matter recommended that the school revoke the law degree it had conferred him.

We previously denied bar admission to an applicant and prohibited her from reapplying for a period of one year for having omitted numerous traffic charges and for inaccuracies and discrepancies in her descrip-

287

tion of three criminal matters on her application. *In Matter of Bar Admission of Gaylord*, 155 Wis. 2d 816, 456 N.W.2d 590 (1990). Mr. Heckmann's conduct is more serious, as it demonstrates a pattern of omission of material fact and misrepresentation of facts disclosed not only on bar admission applications but also in his applications to be admitted to law school.

We determine that a period of two years is needed for Mr. Heckmann to be able to demonstrate that he possesses the necessary honesty and trustworthiness to be licensed by this court to represent others in our legal system. In order that he not be barred from admission for failure to comply with our rule requiring admission within one year following certification of his successful completion of the Wisconsin bar examination, we extend the deadline for his actual admission for the period of time reasonably necessary to accommodate his reapplication, should he reapply.